# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sergio Ortiz-Nunez,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>　　　　　　Respondents. | No. CV-25-04473-PHX-DJH (DMF)<br><br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 challenging his immigration detention. The Court will order Respondents[1] to show cause why the Petition should not be granted.[2]

**I.    Background**

Petitioner is a citizen of Mexico who first entered the United States on August 15, 1999, and last entered in May 2013. (Doc. 1 ¶ 19; 1-1 at 51.) Petitioner was arrested in August 2025, and he was issued a Notice to Appear on August 16, 2025, alleging he is removable for having entered without inspection or parole under INA § 212(a)(6)(A)(i). (Doc. 1-1 at 42.) On September 5, 2025, the BIA entered the precedential decision *Matter*

---

[1] Petitioner named Department of Homeland Security Secretary Kristi Noem; Immigration and Customs Enforcement ("ICE") Acting Director Todd Lyons; ICE Phoenix Field Office Director John Cantu; Executive Office for Immigration Review Acting Director Sirce Owen; and Florence Service Processing Center Warden Luis Rosa, Jr. as Respondents.

[2] Petitioner also filed an Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 2.) Because the Court is directing Respondents to show cause why the Petition should not be granted, the Court finds Petitioner is not entitled to preliminary relief. The motion will therefore be denied without prejudice.

*of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), which determined that all noncitizens who enter without inspection are "applicants for admission" under 8 U.S.C. § 1225(a) and therefore subject to mandatory detention under § 1225(b)(2), without regard for the length of time they have lived in the United States.  (Doc. 1 ¶ 31.)

Petitioner alleges that detention without a bond hearing is violative of his substantive and procedural due process rights.  (Doc. 1 at 12-13.)  Petitioner requests release from custody or an order directing Respondents to provide him a bond hearing under 8 U.S.C. § 1226.  (*Id.* at 13-14.)

## II. Order to Show Cause

Dozens of other district courts have recently held that immigration petitioners present in the United States without admission are not subject to mandatory detention under § 1225(b)(2).  *See, e.g., Capote v. Secretary of U.S. Dep't of Homeland Sec.*, 2025 WL 3089756, *5 nn.3-4 (E.D. Mich. 2025) (noting that "[o]nly two of at least 36 district courts to have addressed this issue have held that § 1225(b)(2) applies to those in the same circumstances as Petitioner" and canvassing the relevant cases).  Another judge in this district recently reached the same conclusion.  *Francisco Echevarria v. Pam Bondi*, et al., CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. October 3, 2025).  The Court's review of the Petition suggests that this case is virtually indistinguishable from *Echevarria*, and that Petitioner is thus entitled to a bond hearing.  Respondents must therefore show cause why the Petition should not be granted.

**IT IS THEREFORE ORDERED:**

(1) Petitioner's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **denied without prejudice**.

(2) Counsel for Petitioner must immediately serve the Petition upon Respondents.

(3) If not already issued, the Clerk's Office must issue any properly completed summonses.

(4) The Clerk of Court must immediately transmit by email a copy of this Order

and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

(5) Respondents must show cause no later than **December 10, 2025** why the Petition should not be granted. Petitioner may file a reply no later than **December 11, 2025**.[3]

Dated this 8th day of December, 2025.

Honorable Diane J. Humetewa
United States District Judge

---

[3] The Court's practice has been to give Respondents one week to respond to the OSCs issued in cases addressing this issue. But Respondents' practice, in turn, has been to file a boilerplate response. At this juncture, these issues have been sufficient addressed such that one week is unnecessary to respond to the OSC.

- 3 -